[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11407

Non-Argument Calendar

_____

CRAIG SMITH,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01114-CLM

_____

Before WILSON, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Craig Smith appeals the District Court's order affirming the Social Security Commissioner's denial of his claim for disability insurance benefits. First, he argues that the Administrative Law Judge ("ALJ") erred by failing to give "any weight, deference, or special consideration" to the August 2019 medical opinion from Dr. Huma Khusro—Smith's treating psychiatrist. Second, he contends that the ALJ erred in his evaluation of the "supportability" and "consistency" of Dr. Khusro's opinion. Finally, he asserts that the Appeals Council erred in determining that Dr. Khurso's December 2019 email to the Appeals Council was not chronologically relevant to his appeal. For the reasons stated below, we affirm.

## I.

In January 2018, Smith applied for Social Security disability insurance benefits. He alleged that he became disabled and stopped working in January 2017 because of a broken clavicle, rebuilt kneecap, and mental health issues. Smith's application was denied. Smith then requested a hearing before an ALJ, which was held on October 1, 2019.

On November 4, 2019, the ALJ issued his decision. The ALJ determined that Smith was not disabled and denied his claim for disability benefits. To support his decision, the ALJ conducted the five-step sequential evaluation process under 20 C.F.R. § 404.1520(a)(4) and made these findings. First, Smith had not

engaged in substantial gainful activity since January 1, 2017.  Second, Smith had several severe impairments, including: a recurrent and moderate depressive disorder, generalized anxiety disorder, and passive dependent personality disorder.  Third, Smith did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1.  Fourth, Smith had the residual functioning capacity ("RFC") to perform light work subject to certain physical and mental limitations.  Last, the ALJ found that although Smith could not perform any past relevant work, there were jobs that exist in significant numbers in the national economy that Smith could perform.

The ALJ also discussed the medical opinions of (1) Dr. Estock, a state agency medical consultant; (2) Dr. David Wilson, a psychologist for the Alabama Department of Rehab Services; and (3) Dr. Khusro.[1]  The ALJ explained that he could not "defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources."

Dr. Estock reported that Smith "was capable of an unskilled mental [RFC] with the ability to understand and remember simple instructions"; carry out short and simple instructions; attend and

---

[1] The ALJ also considered evidence and opinions related to Smith's physical impairments.  Because Smith's arguments are limited to the ALJ's findings on Smith's mental impairments, we do not discuss the ALJ's findings about Smith's physical impairments.

concentrate for two-hour periods on simple tasks; and that Smith's interaction with the public should be casual and nonconfrontational. The ALJ found Dr. Estock's opinion persuasive and consistent with the objective medical evidence.

The ALJ also considered Dr. Wilson's opinion. After conducting a cognitive ability test, Dr. Wilson opined that Smith could work but that Smith's issues with anxiety and attention, and his poor social skills and awareness would cause problems in most job settings. The ALJ found Dr. Wilson's opinion "generally persuasive" as it was consistent with Smith's mental health history, use of medications, social difficulties, findings on formal testing, and his presentation during mental status examinations.

Last, the ALJ considered Dr. Khusro's August 2019 opinion. Dr. Khusro opined that Smith had: extreme difficulties in carrying out complex instructions and making judgment calls on complex work-related decisions; marked limitations understanding and remembering complex instructions, responding appropriately to mental work situations, and to changes in routine work settings depending on the nature of his interactions. The ALJ found Dr. Khusro's opinion was inconsistent with the conservative treatment he offered. The ALJ noted that Dr. Khusro's treatment records routinely noted that Smith's depression was overall stable and despite some bouts of anxiety from family situations, Smith responded to medication adjustments with good results. Nowhere did Dr. Khusro state that Smith's condition was so severe to warrant inpatient hospitalization. Other than Smith's diminished

concentration and fair insight and judgment at times, all other aspects of Smith's mental status examinations were normal.

Following the ALJ's decision, Smith requested review from the Appeals Council. With his request, he submitted a December 8, 2019 email from Dr. Khusro explaining that Smith's disability is a result of multiple diagnoses and that Smith's symptoms are not controlled by medication. The Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. The Appeals Council noted that it considered Dr. Khusro's email and determined that it did not relate to the period of Smith's disability. So the email did not affect the ALJ's decision about whether Smith was disabled on or before November 4, 2019.

Smith then filed a complaint in the District Court on August 4, 2020. In his brief before the District Court, Smith first argued that the ALJ failed to accord proper weight to Dr. Khusro's opinion. He contended that the treating physician rule—which required ALJ's to give controlling weight to opinions of treating physicians—was still in effect in the Eleventh Circuit because the new regulations did not supersede Eleventh Circuit precedent applying the rule. In passing, Smith argued that Dr. Khusro's opinion was not inconsistent with other substantial evidence and that there was no basis for the ALJ to reject Dr. Khuro's opinion. Smith also argued that the Appeals Council erred in denying review and failing to remand because Dr. Khusro's letter was material and chronologically relevant.

The District Court affirmed the Social Security Administration's ("SSA") decision. It reasoned that, per the regulations effective March 27, 2017, the ALJ was not required to defer or give any weight to a treating physician's opinion. The District Court also rejected Smith's argument that the regulations did not abolish Eleventh Circuit precedent on the treating physician rule, based on our unpublished decision in *Matos v. Commissioner of Social Security*, No. 21-11764, 2022 WL 97144 (11th Cir. 2022) (per curiam). The District Court also found that the ALJ reasonably determined that Dr. Khusro's August 2019 opinion lacked supportability and conflicted with the record evidence, which supported the ALJ's finding that the opinion was not entirely persuasive.

Last, the District Court rejected Smith's argument that the Appeals Council erred by failing to consider Dr. Khusro's December 2019 email. Although the District Court found the letter was chronologically relevant, it concluded that the letter was not material. Quoting 20 C.F.R. § 404.1520b(c), the District Court reasoned that Dr. Khusro's statements that Smith could not work were "inherently neither valuable nor persuasive." And it found that Smith failed to explain why Dr. Khusro's other statements about Smith's impairments were persuasive as there was no reasonable probability that these statements would have changed the ALJ's conclusions. Smith timely appealed.

## II.

"We review de novo the ALJ's application of legal principles, and we review the ALJ's resulting decision 'to determine whether

it was supported by substantial evidence.'" *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam)). "We will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it. However, we will not 'affirm simply because some rationale might have supported the ALJ's conclusion.'" *Id.* (first citing *Crawford*, 363 F.3d at 1158–59; and then quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam)). "We may not decide the facts anew, make credibility determinations, or reweigh evidence." *Id.* And "[w]e review de novo the district court's determination as to whether the ALJ's decision was supported by substantial evidence." *Id.*

## III.

Smith admits that his first two arguments were not advanced in the District Court. He contends that these new arguments are preserved because they are based on the same claim he advanced in the District Court—the ALJ's erroneous treatment of Dr. Khusro's opinion. Before we can address the merits of Smith's first two arguments, we must therefore first decide whether Smith preserved them.

"As a general principle, this court will not address an argument that has not been raised in the district court." *Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1110 (11th Cir. 2020) (quoting *Stewart v. Dep't of Health & Hum. Servs.*, 26 F.3d 115, 115 (11th Cir. 1994). "Judicial economy is served and prejudice is avoided by binding the parties to the facts presented and the theories argued below." *Id.* at 1111 (quoting *Stewart*, 26 F.3d at 115). "Although this court may hear an issue not raised in the lower court when the proper resolution is beyond any doubt, issues involving the resolution of factual questions can never be beyond doubt." *Stewart*, 26 F.3d at 115–16.

That said, "there is a difference between raising new issues and making new arguments on appeal." *In re Home Depot Inc.*, 931 F.3d 1065, 1086 (11th Cir. 2019). "If an issue is 'properly presented, a party can make any argument in support of that [issue]; parties are not limited to the precise arguments they made below.'" *Id.* (alteration in original) (quoting *Yee v. City of Escondido*, 503 U.S. 519, 534, 112 S. Ct. 1522, 1532 (1992). Nor is a party prohibited from basing a new argument on a "different line of precedents" or from presenting a new argument that is "inconsistent with the old argument." *See id.* What matters is whether a party "makes the same request." *Id.*

We have no difficulty concluding that Smith raises new arguments rather than new issues. Before the District Court, Smith claimed that the ALJ failed to give the proper weight to Dr. Khusro's August 2019 opinion and argued that the treating-physician rule still applied. He now recognizes that this

argument is foreclosed by our decision in *Harner v. Social Security Administration, Commissioner*, 38 F.4th 892 (11th Cir. 2022). Smith's new arguments still focus on the same issue: whether the ALJ failed to give proper weight to Dr. Khusro's opinion. Only now he contends that *Harner* conflicts with 42 U.S.C. § 423(d)(5)(B) of the Social Security Act and that some minimal version of the treating-physician rule survives. Because Smith raises the same issue, he is not bound to the precise arguments he made in the District Court and we will consider his new arguments. *See In re Home Depot Inc.*, 931 F.3d at 1086.

**IV.**

*A.*

The first of Smith's new arguments is that the ALJ erred by not giving Dr. Khusro's opinion more weight, deference, or special consideration as his treating physician. Smith admits that the SSA abrogated the treating-physician rule, but he contends that the new regulations conflict with the Social Security Act. He also argues that *Harner* is not controlling and that "some vestige of the treating physician rule" survives because *Harner* did not address whether the new regulations are limited by the text of the Social Security Act. We disagree.

Under the Social Security Act, the Commissioner has the power to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same" for adjudicating disability claims. *See* 42 U.S.C. § 405(a). The Act

instructs ALJs to "make every reasonable effort to obtain from the individual's treating physician . . . all medical evidence . . . necessary" to make a proper disability determination. *Id.* § 423(d)(5)(B). But the Act is silent on how this evidence is to be weighed. *See Harner*, 38 F.4th at 897.

Before 2017, ALJs were required to follow the treating physician rule. 20 C.F.R. § 404.1527(c)(2) (2015). Under the treating physician rule, ALJs were required to give a treating physician's opinion "substantial or considerable weight unless 'good cause' [was] shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).

But in March 2017, the Commissioner issued a new regulation that "abrogated the 'treating-physician rule.'" *Harner*, 38 F.4th at 894; *see* 20 C.F.R. § 404.1520c. Under the new regulation, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The new regulation applies to claims made after March 27, 2017. *Id.* § 404.1520c.

In *Harner*, we held that § 404.1520c fell within the scope of the Commissioner's rulemaking authority as delegated by Congress under the Social Security Act. 38 F.4th at 897. We explained that "although the Act instructs [ALJs] to 'make every reasonable effort to obtain from the individual's treating physician . . . all medical evidence . . . necessary" to make a proper disability

determination,' the Act does not specify how this evidence is to be weighed.'" *Id.* at 897 (omissions in original) (quoting 42 U.S.C. § 423(d)(5)(B)). We concluded that "[b]ecause section 404.1520c [fell] within [Congress's delegation of authority] and [was] not 'manifestly contrary to the statute,' the regulation did not 'exceed the [Commissioner's] statutory authority.'" *Id.* (fifth alteration in original) (first quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844, 104 S. Ct. 2778, 2782 (1984); and then quoting *Heckler v. Campbell*, 461 U.S. 458, 466, 103 S. Ct. 1952, 1957 (1983)). We also determined that § 404.1520c was not arbitrary and capricious. *Id.* at 897–98.

Moreover, we noted that we had "never held that the treating-physician rule was unambiguously required by the [Social Security] Act," *id.* at 898, and we determined that the new regulation "abrogate[d] our earlier precedents applying the treating-physician rule." *Id.* at 896. Because the new regulation applied to Harner's claim, we concluded that the ALJ did not err by declining to give more weight to the medical opinions of Harner's treating physicians. *Id.* at 898.

The same is true here. Smith filed his claim in January 2018—well after § 404.1520c became effective. Under § 404.1520c, the ALJ was precluded from deferring or giving any specific evidentiary weight—including controlling weight—to any medical opinion. And our review of the record confirms that the ALJ's decision closely tracks the language of § 404.1520c(a), meaning that the ALJ applied the correct legal standard.

Smith's arguments to the contrary are foreclosed by *Harner*. His argument that the text and structure of 42 U.S.C. § 423(d)(5)(B) creates a clear congressional directive to use the treating-physician rule is simply an argument that § 404.1520c was manifestly contrary to the Social Security Act. We rejected that argument in *Harner*. *See* 38 F.4th at 897. Likewise, Smith's argument that we should continue applying the treating-physician rule because it was in effect since 1984 is just an argument that *Harner* reached the wrong conclusion about the effect of § 404.1520c in abrogating our earlier precedents. Finally, Smith's argument that the purpose of the Social Security Act requires some "vestige" of the treating-physician rule is merely an attempt to circumvent *Harner*'s central holding that ALJs may not give any specific evidentiary weight to a treating-physician's opinion. To conclude otherwise would violate our prior panel precedent rule.[2]

---

[2] Under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). We have explained that "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel." *Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1234 (11th Cir. 2006). We have rejected an overlooked reason or argument exception to the prior panel precedent rule. *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (per curiam); *Smith v. GTE Corp.*, 236 F.3d 1292, 1301–04 (11th Cir. 2001). The prior panel precedent rule depends on neither "a subsequent panel's appraisal of the initial decision's correctness" nor "the skill of the attorneys or wisdom of the judges involved with the prior decision—upon what was argued or considered." *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000).

*B.*

Smith's second new argument is that the ALJ failed to properly evaluate and articulate its reasons for discrediting Dr. Khusro's opinion. He asserts that the ALJ did not properly address consistency or supportability as required by 20 C.F.R. § 404.1520c. As to consistency, Smith argues that the ALJ failed to address this factor. As to supportability, Smith argues that the ALJ's findings were not supported by substantial evidence for three reasons: (1) the ALJ ignored Smith's psychotherapy sessions and erroneously concluded that his treatment consisted only of medication adjustments; (2) the ALJ's finding that Dr. Khusro's opinion was inconsistent with the conservative treatment she offered was improper where the ALJ required inpatient hospitalization as a predicate for disabling symptoms because the lack of inpatient hospitalization does not make the treatment conservative; (3) the ALJ incorrectly stated that the only symptoms he displayed were diminished concentration, judgment, and insight, and that all other aspects of his mental status examinations were normal.[3] We are not persuaded.

"When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the

---

[3] Smith also argues that this case is distinguishable from our unpublished opinion in *Horowitz v. Commissioner of Social Security*, 688 F. App'x 855 (11th Cir. 2017) (per curiam), in which we upheld an ALJ's dismissal of a treating physician's opinion as inconsistent with conservative medical treatment. *Horowitz* does not affect our conclusions. Even if it did, *Horowitz* supports the ALJ's finding. In *Horowitz*, the claimant's treatment was limited to fifteen-minute

Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). As explained above, our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

"An individual claiming Social Security disability benefits must prove that []he is disabled." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). To determine whether a claimant is disabled, the social security regulations mandate a five-step, sequential evaluation process. 20 C.F.R. § 404.1520(a)(4); *Winschel*, 631 F.3d at 1178. The ALJ must determine whether the claimant: (1) is able to engage in substantial gainful activity; (2) has a severe physical or mental impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) has the RFC to perform her past relevant work; and (5) can perform other work available in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4); *Buckwalter*, 5 F.4th at 1320.

For claims filed on or after March 27, 2017, an ALJ must consider any submitted medical opinion using five enumerated

---

medication management appointments—which the ALJ found to be evidence of conservative treatment. *See* 688 F. App'x at 857–60. Smith's treatment was similar. Although Smith also had psychotherapy sessions, many of those lasted twenty minutes or less. And, as of May 2019, Smith's progress notes did not report a psychotherapy session—which suggests he was no longer receiving psychotherapy treatment.

factors—(1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. § 404.1520c(a), (c). Because the "most important" factors are supportability and consistency, the ALJ must explain how he or she considered those factors. *Id.* § 404.1520c(b)(2). As for supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). As for consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

Contrary to Smith's assertions, substantial evidence supports the ALJ's evaluation of Dr. Khusro's August 2019 opinion. First, Smith's argument that the ALJ erred by failing to address the consistency of Dr. Khusro's opinion is belied by the record. The ALJ was required to discuss the persuasiveness of Dr. Khusro's opinion in terms of how consistent it was with "other medical and nonmedical sources in the claim." *Id.* § 404.1520c(b)(2), (c)(2). The ALJ did so. The ALJ discussed the persuasiveness of each medical opinion in the record—including Dr. Khusro's—compared with the evidence from the other medical and nonmedical sources. The ALJ also explicitly mentioned whether he found each opinion consistent. And the ALJ concluded that he found the "third party

testimony concerning the intensity, persistence and limiting effects of [Smith's] symptoms [was] not entirely consistent with the medical evidence and other evidence in the record." As such, the ALJ adequately explained his assessment of the consistency of Dr. Khusro's opinion.

Second, the ALJ's finding on the "supportability" of Dr. Khusro's opinion is supported by substantial evidence. As explained above, the ALJ noted that Dr. Khusro's opinion documented Smith's difficulties and limitations in carrying out complex instructions and making judgments on complex work-related decisions. But the ALJ explained that Smith's treatment records showed that Smith's depression was overall stable and that Smith responded to medication adjustments with good results. Other than Smith's limitations with concentration, insight, and judgment, his mental status examinations were normal. More than a scintilla of evidence supports the ALJ's conclusion that Dr. Khusro's opinion was not supported by his own explanations or the objective medical evidence.

Smith's arguments do not convince us otherwise. True, the ALJ did not explicitly discuss Dr. Khusro's psychotherapy recommendation. Even so, the ALJ did discuss Dr. Khusro's treatment records, which contained notes on Smith's psychotherapy sessions. Smith has not cited, nor are we aware of, any authority that requires an ALJ to independently discuss every aspect of a physician's treatment recommendations. As to the ALJ's comment that Dr. Khusro's treatment was conservative because Dr. Khsuro

never felt Smith's treatment warranted inpatient hospitalization, this was but one factor the ALJ considered when evaluating Dr. Khusro's opinion. Last, the ALJ did not ignore Smith's borderline intellectual functioning. In fact, the ALJ discussed this point when analyzing Dr. Wilson's cognitive evaluation results.

At bottom, Smith's arguments invite us to reweigh the evidence and substitute our judgment in place of the ALJ's. We must decline Smith's invitation. *See Buckwalter*, 5 F.4th at 1320. The relevant inquiry is not whether some evidence might support greater limitations, but whether substantial evidence supports the ALJ's decision. *See id.* We hold that substantial evidence supports the ALJ's decision.

## V.

Last, Smith argues that the Appeals Council erred in determining that Dr. Khusro's December 2019 email was not chronologically relevant. As an initial matter, Smith argues that *de novo* review applies, citing *Washington v. Social Security Administration, Commissioner*, 806 F.3d 1317, 1321 (11th Cir. 2015). He then asserts that Dr. Khusro's email is chronologically relevant because (1) it reflected Dr. Khusro's entire experience with Smith and related back to the period before the ALJ's decision and (2) Dr. Khusro wrote it expressly to rebut the ALJ's decision.

In response, the Commissioner argues that substantial evidence review applies because unlike *Washington*, here the Appeals Council "considered" Dr. Khusro's email. The Commissioner then contends that Dr. Khusro's email was not chronologically relevant

because it only concerned Smith's current symptoms and limitations. The Commissioner adds that even if the email was chronologically relevant, it was not material because the email did not create a reasonable probability of changing the ALJ's decision.

We first explain why *de novo* review applies to the Appeals Council's decision. We then explain why the Appeals Council did not commit reversible error by failing to consider Dr. Khusro's December 2019 email.

*A.*

"Generally, a claimant may present evidence at each stage of the administrative process." *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018) (per curiam). "If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant." *Id.* at 1309; *see also* 20 C.F.R. § 404.970(a)(5). "Evidence is material if a reasonable probability exists that the evidence would change the administrative result." *Hargress*, 883 F.3d at 1309. New evidence is chronologically relevant if it "relates to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5). "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington*, 806 F.3d at 1321.

In our view, *Washington* establishes that *de novo* review applies here. In *Washington*, the claimant submitted new evidence to the Appeals Council, including a psychologist's evaluation about the degree of the claimant's mental limitations that the

psychologist had prepared seven months after the ALJ's decision. *Id.* at 1319. The Appeals Council denied Washington's review request, explaining that "it refused to consider the additional evidence from [the psychologist] because [it] concerned a later time period and [was] immaterial." *Id.* at 1320.

On appeal, we noted that "[t]he standard that federal courts apply when reviewing the Appeals Council's refusal to consider additional evidence submitted by [a] claimant [was] a question of first impression in [our] circuit." *Id.* at 1320–21. Looking to our sister circuits, we agreed that "under the regulations, whether evidence meets the new, material, and chronologically relevant standard 'is a question of law subject to our *de novo* review.'" *Id.* at 1321 (quoting *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003)).

True, we also explained that *Washington* was "not a case in which the Appeals Council considered the additional evidence and then denied review." *Id.* at 1321 n.5. And we added that "[w]hen the Appeals Council accepts additional evidence, considers the evidence, and then denies review, it is not 'required to provide a detailed rational[e] for denying review.'" *Id.* (quoting *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)).

In attempting to distinguish *Washington* from this case, the Commissioner places too much emphasis on the word "considered." A closer review of the record in *Washington* reveals why. The *Washington* Appeals Council's notice stated: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence on the enclosed Order of Appeals

Council." Later—under the header "What we considered"—the *Washington* Appeals Council explained that the claimant's new evidence was not chronologically relevant. The notice here is virtually identical. It too begins with similar language: "You submitted reasons that you disagree with the [ALJ's] decision. We considered the reasons and exhibited them on the enclosed Order of the Appeals Council." Then, under the header "Additional Evidence," the Appeals Council determined that Dr. Khusro's email was not chronologically relevant. Given that *Washington* applied *de novo* review when faced with a similar notice, we must do the same.[4]

*B.*

The Appeals Council erred when it denied review on the basis that Dr. Khusro's December 2019 email was not chronologically relevant.[5] Although the Appeals Council refused to consider

---

[4] Although unpublished, we have applied *de novo* review in similar cases. *See, e.g.*, *Yates v. Comm'r of Soc. Sec.*, 706 F. App'x 588, 594–95 (11th Cir. 2017) (per curiam); *Green v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 516, 519–20 (11th Cir. 2017) (per curiam); *Glasby v. Soc. Sec. Admin., Comm'r*, No. 21-12093, 2022 WL 1214015, at *1–2 (11th Cir. Apr. 25, 2022) (per curiam); *cf. Goble v. Soc. Sec. Admin., Comm'r*, No. 22-10842, 2023 WL 2823401, at *8 & n.20 (11th Cir. Apr. 7, 2023) (per curiam) (noting that a more deferential review applied when the Appeals Council considered additional evidence and determined that it "did not have a reasonable probability of changing the ALJ's determination").

[5] We conclude, and the Commissioner does not challenge, that Dr. Khusro's December 2019 email constitutes new, noncumulative evidence. *See Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (recognizing that cumulative evidence is not new). Moreover, although Dr. Khusro's prior records reflect that

Dr. Khusro's email on that basis, the Commissioner now argues that the email was also immaterial. We agree.

To begin, Dr. Khusro's email was chronologically relevant. Although the email was sent a month after the ALJ's decision, Dr. Khusro made clear that she sent the email in response to the ALJ's decision. Dr. Khusro's email explains that Smith has "been unable to work for the last 2 years" and describes Smith's diagnoses reflected in his medical records during the relevant period. According to Dr. Khusro's email, Smith's symptoms are "not a single diagnosis but the combination of his multiple diagnos[e]s that cause his disability" and Smith's "symptoms are not controlled" despite being on medication. Nothing in the email—much less the record—indicates that Dr. Khsuro treated Smith between the ALJ's decision and when she sent the email. And there is no evidence that Smith's symptoms referenced in the email arose after that time. *See Washington*, 806 F.3d at 1322–23; *cf. Hargress*, 883 F.3d at 1309. Dr. Khusro's additional evidence about the combined effects of Smith's symptoms was necessarily based on Smith's treatment records *before* the ALJ's decision. Accordingly, the Appeals Council erred as a matter of law in finding that the extra evidence was not chronologically relevant.

That leaves one final issue: whether the Appeals Council's error is reversible. The District Court decided it was not and upheld the Appeals Council's decision based not on chronological

---

Smith had good results with medication, no other evidence states that Smith's symptoms were not controlled by his medication.

relevance but on materiality—the same argument the Commissioner advances before us. Although the Appeals Council never addressed whether Dr. Khusro's email was material, on *de novo* review we agree with the District Court that it was not. *See Hargress*, 883 F.3d at 1310 (concluding that the evidence submitted to the Appeals Council was also not material despite the Appeals Council only finding that the evidence was not chronologically relevant); *Washington*, 806 F.3d at 1321.

Even though Dr. Khusro's email was chronologically relevant, it was not material because there is no reasonable probability that it would have changed the outcome of the decision. *See* 20 C.F.R. § 404.970(a)(5); *Washington*, 806 F.3d at 1320–21. Statements that a claimant is disabled or unable to work are "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c), (c)(i). So the Appeals Council would not have to analyze Dr. Khusro's statements that: (1) "Smith has been unable to work for the last 2 years"; (2) Smith's "anxiety and depression make it very hard for him to function in a vocation"; and (3) Smith is clearly unable to work.

The remainder of Dr. Khusro's email provides more context to his August 2019 opinion, but it is still inconsistent with Smith's medical records and the opinions from Dr. Estock and Dr. Wilson—both of whom the ALJ found more credible. Where evidence submitted to the Appeals Council contradicts other records that the ALJ found more credible, the new evidence is not material and the Appeals Council does not need to consider it. *See Hargress*, 883 F.3d

at 1310.  Moreover, Dr. Khusro's statement that Smith's symptoms "are not controlled" with medication contradicts Dr. Khusro's own progress notes that show Smith's medication was effective and appeared to stabilize his symptoms with good results.

Though the Appeals Council erred in concluding that Dr. Khusro's December 2019 email was not chronologically relevant, it did not commit reversible error by failing to consider the email.  Because Dr. Khusro's email was not material, the Appeals Council was not required to consider it.

## VI.

Accordingly, we affirm the District Court's judgment affirming the SSA's denial of Smith's application for disability insurance benefits.

**AFFIRMED.**